UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

INGRID BAPTISTA,

Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, INGRID BAPTISTA, by and through the undersigned attorney, hereby files this Complaint for Damages and Demand for Jury Trial and sues Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES (hereinafter "CARNIVAL") and alleges as follows:

## GENERAL ALLEGATIONS

1.      This is an action seeking damages in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest, costs, and attorneys' fees.

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1333 and 1332. Further, this matter is being filed in the United States District Court for the Southern District of Florida located in Miami-Dade County, Florida, as required by the forum selection clause contained within the Cruise Ticket Contract issued by the Defendant. Upon information and belief, Defendant is in possession of a copy of the subject Ticket Contract.

3.     At all material times hereto, INGRID BAPTISTA, is and was a resident of the state of New York.

4.     Defendant, CARNIVAL, has principal place of business in Miami, Florida.

5.     All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

6.     At all times material hereto, CARNIVAL, owned, operated, maintained, managed, and/or controlled the cruise ship *Vista*.

7.     On or about September 13, 2016, INGRID BAPTISTA was a fare-paying passenger aboard the *Vista*

8.     On or about September 9, 2015, INGRID BAPTISTA walked down a gangway while disembarking *Vista*. At the bottom of the gangway CARNIVAL placed black rubber mats on the surface of the dock. CARNIVAL placed these black rubber mats over a large hole in the concrete surface of the dock. When INGRID BAPTISTA stepped off of the gangway and onto the black rubber mats, the mats collapsed into the hole in the concrete dock and INGRID BAPTISTA suffered a traumatic ankle injury that has required surgery.

## COUNT I
## NEGLIGENCE

Plaintiff hereby adopts and incorporates paragraphs 1 through 8 as if fully set-forth herein, and alleges as follows:

9.     At all times material hereto, CARNIVAL had the duty to use reasonable care under the circumstances, and to maintain and operate its vessel, the *Vista* in a reasonably safe condition and manner.

10.     Additionally, at all times material hereto, CARNIVAL owed a duty to its guests, CARNIVAL including INGRID BAPTISTA, to warn them of any unreasonably dangerous

conditions on the vessel of which it was aware or should have been aware through the exercise of due diligence.

11.     CARNIVAL, through its employees and agents created the subject dangerous condition.  In addition, CARNIVAL CORPORATION regularly used the gangway and dock for ingress and egress of its passengers.

12.     CARNIVAL, through its employees and agents, had the duty to ensure that the subject change in elevation was visible to passengers.  In addition, CARNIVAL CORPORATION had the duty to follow all applicable building, construction, and other codes and regulation.

13.     CARNIVAL breached the aforementioned duties of care owed to INGRID BAPTISTA in the following ways:

    a.   Failing to maintain the vessel, including the gangway and the entire path of disembarkation in a reasonably safe condition;

    b.   Failing to warn guests, including INGRID BAPTISTA, of a dangerous condition when CARNIVAL knew, or should have known through the exercise of reasonable care, of this dangerous condition;

    c.   Failing to provide a safe means of ingress and egress onto and off of *Vista*;

    d.   Failing to take any precautionary measures so that passengers were not injured while using the gangway as a means of ingress and egress;

e.   Failing to properly warn passengers of the subject dangerous condition;

f.   Creating the subject dangerous condition;

g.   Concealing and/or camouflaging the dangerous hole in the concrete dock my placing black rubber mats over it;

h.    Inviting passengers to walk over the hole concealed by the rubber mats;

i.   Failing to remedy the dangerous condition of which CARNIVAL knew or should have known; and

j.   Failing to comply with applicable building, construction, safety and other codes and regulations; and

k.   Other acts of negligence to be discovered throughout discovery.

14.    CARNIVAL is vicariously liable for the negligent acts and omissions of its agents and employees committed during the course and scope of their employment with CARNIVAL CORPORATION.

15.    As a direct and proximate result of the aforementioned negligence of CARNIVAL, Plaintiff, INGRID BAPTISTA, was injured, suffered physical impairment and/or disability, mental anguish, loss of capacity for the enjoyment of life, pain and suffering, the aggravation of pre-existing conditions, inconvenience, permanent disability, loss of earnings and/or wages, loss of earning potential, and incurred the costs of reasonable and necessary medical expenses for the treatment of her injuries.  These losses and injuries are permanent and continuing in nature, and Plaintiff will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff, INGRID BAPTISTA, demands judgment for damages against the Defendant, CARNIVAL, in excess of the minimal jurisdictional limits of this Court, as well as pre-judgment and post judgment interest, and costs in bringing this action, and further demands trial by jury.

## COUNT II – NEGLIGENCE OF A COMMON CARRIER

Plaintiff hereby adopts and incorporates paragraphs 1 through 8 as if fully set-forth herein, and alleges as follows:

9.      At all times material hereto, INGRID BAPTISTA was a fare-paying passenger aboard the *Vista*.

10.      INGRID BAPTISTA boarded the *Vista* with CARNIVAL's consent, express or implied.

11.      CARNIVAL was engaged in the transportation of passengers for compensation on the seas and held its transportation services out to the public on regular and/or irregular routes. Thus, CARNIVAL was a common carrier with regard to the subject incident.

12.      As a common carrier, CARNIVAL had the duty to exercise the highest degree of care that is consistent with the type of transportation used and the practical operation of the business of a common carrier of passengers.

13.      Prior to this incident, CARNIVAL knew or should have known that it was unreasonably dangerous to disembark passengers over a hole in the walking surface. Furthermore, CARNIVAL knew or should have known that placing black rubber mats over a hole in a walking surface would invite passengers to walk on the mats and conceal the dangerous hole hidden under the mats.  Carnival knew or should have known about the dangerous hole in the concrete dock.

14.     CARNIVAL breached the aforementioned duties of care owed to INGRID BAPTISTA in the following ways:

    a.   Failing to provide passengers with a safe means of disembarking the vessel;

    b.   Failing to warn guests, including INGRID BAPTISTA of a hazardous and/or dangerous condition when CARNIVAL knew, or should have known through the exercise of reasonable care, of this dangerous condition;

    c.   Failing to take reasonable precautionary measures so that passengers were not injured while disembarking the vessel;

    d.   Failing to warn the Plaintiff of the subject dangerous condition that CARNIVAL knew, or in the exercise of reasonable care, should have known existed;

    e.   Failing to remedy a hazardous and/or dangerous condition of which CARNIVAL knew or should have known;

    f.   Failing to comply with applicable building, construction, design, and safety codes and regulations;

    g.   Other acts of negligence to be discovered throughout discovery.

15.     As a direct and proximate result of the aforementioned negligence of CARNIVAL, Plaintiff, INGRID BAPTISTA, was injured and suffered the following damages, mental anguish, loss of capacity for the enjoyment of life, pain and suffering, the aggravation of pre-existing conditions, inconvenience, disability, the costs of reasonable and necessary medical expenses for the treatment of her injuries; lost wages; and the loss of earning capacity.  These losses and injuries are permanent and continuing in nature, and Plaintiff will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff, INGRID BAPTISTA, demands judgment for damages against the Defendant, CARNIVAL, in excess of the minimal jurisdictional limits of this Court, as well as pre-judgment and post judgment interest, punitive damages, and the costs of bringing this action, and further demands trial by jury.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on June 6, 2017 I electronically filed the foregoing document with the Clerk of Court using CM/ECF and served CARNIVAL CORPORATION d/b/a/ CARNIVAL CRUISE LINES, at its principal place of business in Miami, Florida.

**FLANAGAN PERSONAL INJURY &
WRONGFUL DEATH LAW FIRM, P.A.**
*Counsel for Plaintiff*
2100 Ponce de Leon Blvd.
Suite 1180
Coral Gables, Florida 33134
Tel: (305) 638 – 4143
Fax: (305) 397 - 2636


BY____*/s/ Michael T. Flanagan*_____
      Michael T. Flanagan, Esq.
      Fla. Bar. 0091072
      Primary E-mail:  mtf@Florida-Justice.com
      Secondary E-mail: mtfassistant@Florida-Justice.com