UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cv-22115-KMM

INGRID BAPTISTA,

    Plaintiff,

v.

CARNIVAL CORPORATION,
*doing business as* Carnival Cruise Lines,

    Defendant.
_____/

### ORDER GRANTING MOTION TO DISMISS COUNT II OF THE COMPLAINT

THIS CAUSE is before the Court on Defendant Carnival Corporation's Motion to Dismiss Count II of the Complaint. (ECF No. 11 at 5–9). Plaintiff Ingrid Baptista filed a Response. (ECF No. 16). Defendant filed a Reply. (ECF No. 17). The Motion is now ripe for review. For the following reasons, the Motion to Dismiss is GRANTED.

**I.   BACKGROUND**

In September 2015, Plaintiff—a fare-paying passenger aboard one of Defendant's cruise ships—suffered an ankle injury while disembarking the ship. (ECF No. 1 at ¶¶ 7–8). Defendant had placed rubber mats on the dock, thus covering a hole. (ECF No. 1 at ¶ 8). When Plaintiff stepped off the gangway onto the dock, the rubber mats collapsed into the hole and Plaintiff injured her ankle. (*Id*.).

In a two-count Complaint in which Plaintiff alleges negligence based on Defendant's breach of the applicable duty of care, Plaintiff asserts two different standards of care: (1) reasonable care under the circumstances (Count I), and (2) the highest degree of care owed

by a common carrier (Count II). (ECF No. 1). Defendant moves to dismiss Count II, arguing that the heightened common-carrier standard of care does not apply to negligence claims. (ECF No. 11 at 5–9).

## II. LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). This requirement "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citation and alterations omitted). When considering a motion to dismiss, the court takes the plaintiff's factual allegations as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008).

## III. DISCUSSION

Plaintiff alleges negligence, asserting two different standards of care—ordinary reasonable care (Count I), and the heightened common-carrier standard of care (Count II). (ECF No. 1). Defendant contends that it owed Plaintiff a duty of ordinary reasonable care—not the heightened common-carrier standard of care. (ECF No. 11 at 5–9). To plead negligence, a plaintiff must allege, *inter alia*, that the defendant had a duty to protect the plaintiff from a particular injury. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). Under maritime law, in the context of a negligence claim, a ship owner owes a passenger a duty of reasonable care under the circumstances. *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1279 (11th Cir. 2015) (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959). Consequently, Defendant is correct that the applicable standard of care is ordinary

reasonable care—not the heightened common-carrier standard of care. *See id.* In light of this, and because Plaintiff pleaded both ordinary reasonable care (Count I) and the heightened common-carrier standard of care (Count II), the Court concludes that dismissal of Count II is appropriate.[1]

## IV.   CONCLUSION

For the foregoing reasons, it is hereby ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Count II of the Complaint is GRANTED and that Count II of the Complaint is DISMISSED WITH PREJUDICE.

DONE AND ORDERED in Chambers at Miami, Florida, this  6th  day of December, 2017.

K. MICHAEL MOORE

CHIEF UNITED STATES DISTRICT JUDGE

c:   All counsel of record

---

[1] Under the notice pleading standard of Federal Rule of Civil Procedure 8, a plaintiff alleging negligence is not required to plead the applicable standard of care to survive a motion to dismiss. *Smith v. Carnival Corp.*, 584 F.Supp. 2d 1343, 1352 (S.D. Fla. 2008). Extending this principle, some courts have concluded that dismissal is not necessary when a plaintiff pleads the incorrect standard of care. *E.g.*, *Balaschak v. Royal Caribbean Cruises, Ltd.*, No. 09-cv-21196, WL 8659594 at *6 (S.D. Fla. Sept. 14, 2009). In the same circumstance, however, other courts have dismissed with leave to amend. *E.g.*, *Hesterly v. Royal Caribbean Cruises Ltd.*, 515 F.Supp. 2d 1278, 1283 (S.D. Fla 2007). Because Plaintiff here alleged two different standards of care—one correct and the other incorrect—the Court concludes that neither excusing Plaintiff's error nor dismissing without prejudice is necessary.