UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cv-22115-KMM

INGRID BAPTISTA,

    Plaintiff,

v.

CARNIVAL CORPORATION,
*doing business as* Carnival Cruise Lines,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THIS CAUSE is before the Court on Defendant Carnival Corporation's Motion for Summary Judgment. (ECF No. 42). Plaintiff Ingrid Baptista filed a Response. (ECF No. 49). Defendant filed a Reply. (ECF No. 57). The matter is now ripe for review. For the following reasons, the Motion is DENIED.

**I.   BACKGROUND**

In September 2015, Plaintiff—a passenger aboard one of Defendant's cruise ships—suffered an ankle injury while disembarking the ship. *Defendant's Statement of Undisputed Material Facts* (ECF No. 39 at ¶ 1); *Plaintiff's Statement of Undisputed Material Facts* (ECF No. 55 at ¶ 1). Defendant had placed rubber mats on the pier, thus covering a defect in the pier's surface.[1] *Plaintiff's Statement of Undisputed Material Facts* (ECF No. 55 at ¶ 1). When Plaintiff stepped off the gangway onto the dock, the rubber mats collapsed into the hole/imperfection like a "false floor." *Deposition of Ingrid Baptista* (ECF No. 39-2 at 76).

---

[1] Plaintiff characterizes the defect as a hole while Defendant refers to it as a chip or imperfection. *See, e.g., Plaintiff's Response* (ECF No. 49 at 1).

Plaintiff injured her ankle and fell. *Plaintiff's Statement of Undisputed Material Facts* (ECF No. 55 at ¶ 1). As a result of this injury, Plaintiff had ankle reconstructive surgery. (*Id*.).

In a one-count Amended Complaint, Plaintiff alleges that Defendant was negligent for creating a dangerous condition by covering a hole in the pier. *Amended Complaint* (ECF No. 35 at 1–6). Defendant moves for summary judgment, arguing that the undisputed evidence reveals that (1) no dangerous condition existed; and (2) Defendant was not on notice of the alleged dangerous condition. *Motion for Summary Judgment* (ECF No. 42).

## II.    LEGAL STANDARD

Summary judgment is appropriate where there is "no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed R. Civ. P. 56. A genuine issue of material fact exists when "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). "For factual issues to be considered genuine, they must have a real basis in the record." *Mann v. Taser Int'l, Inc*., 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted). Speculation or conjecture cannot create a genuine issue of material fact sufficient to defeat a well-supported motion for summary judgment. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

The moving party has the initial burden of showing the absence of a genuine issue as to any material fact. *Clark v. Coats & Clark, Inc*., 929 F.2d 604, 608 (11th Cir. 1991). In assessing whether the moving party has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the non-moving party. *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001). Once the moving party satisfies its initial burden, the burden shifts to the non-moving party to come forward with

evidence showing a genuine issue of material fact that precludes summary judgment. *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002); *see also* Fed. R. Civ. P. 56(e). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992). But if the record, taken as a whole, cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**III.   DISCUSSION**

This case is governed by general maritime law. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989). To sustain a negligence cause of action under maritime law, a plaintiff must show (1) that the defendant had a duty of care, (2) the defendant breached that duty, (3) the breach was the actual and proximate cause of the plaintiff's injury, and (4) that the plaintiff suffered actual harm. *Malley v. Royal Caribbean Cruises Ltd.*, No. 17-cv-11437, 2017 WL 5192361, *2 (11th Cir. Nov. 9, 2017).

Regarding the first element—duty of care—a cruise ship owes its passengers a duty of reasonable care under the circumstances, which extends to maintaining a safe means for passengers to disembark. *See Lancaster v. Carnival Corp.*, 85 F. Supp. 3d 1341, 1344 (S.D. Fla. 2015). To show that a cruise ship breached its duty of reasonable care by creating a dangerous condition, a plaintiff must establish that the defendant was on actual or constructive notice of the dangerous condition. *Keefe*, 867 F.2d at 1322.

First, Defendant disputes that it created a dangerous condition, contending that the placement of rubber mats at the end of the gangway was benign. *Motion for Summary Judgment* (ECF No. 42 at 6–13). But as Plaintiff contends, there is a genuine factual dispute concerning

whether the covered hole/imperfection was a dangerous condition. *Plaintiff's Response* (ECF No. 49 at 4–6). For example, Defendant's bosun—an employee responsible for inspecting the pier before Defendant allowed passengers to disembark—reviewed a photograph of the hole/imperfection at issue and testified that it would be dangerous to invite passengers to walk over that hole/imperfection. *Deposition of Bosun Jerry D'Silva* (ECF No. 49-4 at 35:7–15, 36:7–11).

Second, Defendant disputes that it was on notice of the alleged dangerous condition. *Motion for Summary Judgment* (ECF No. 42 at 7–13). But as Plaintiff argues, there is a genuine factual disputed regarding whether Defendant was on notice of the covered hole/imperfection. *Plaintiff's Response* (ECF No. 49 at 6). For example, Defendant's corporate representative—who used the term "imperfection" instead of "hole"—admitted that Defendant had notice of imperfections in the pier's surface before covering the imperfections with pliable rubber mats. *Deposition of Corporate Representative* (ECF No. 49-1 at 38:14–25).

## IV.   CONCLUSION

For the foregoing reasons and UPON CONSIDERATION of the Motion, Response, Reply, pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this __1st__ day of March, 2018.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record